Green, J.
delivered the opinion of the court.
The defendant in error was prosecuted for a misdemeanor, and his cause coming on to be tried, before Martin, special judge, a judgment was pronounced in his favor, from which the State prosecutes this appeal in the nature of a writ of error. I was of opinion, when the first case which had been decided- by this special judge was determined, that the act of 1827, under which he derived his authority, was of the same character in principle, and subject only to the same constitutional objections, which existed to other acts providing for the organization of special courts, and which acts have been uniformly declared constitutional by this court; and I, therefore, thought that we must regard it as settled, that he acted under valid authority. The other members of the court, *366 h°wever3 thinking differently; his authority has been de-dared void, and all his judgments nullities, under this determination; all his judgments have been reversed, without considering whether he pronounced the law or not. It was enough to determine that he had no authority to adjudicate upon the cases at all, and it followed that nothing he did could be legal; therefore all his judgments have been reversed. Here he decided in favor of the defendant in error, and this judgment, like the others, must be reversed, and as a consequence of the reversal, the plaintiff in error must have costs. Such has been the judgment in all the other cases, and there is nothing in this case to produce a variant determination. The fact that the State is a party, cannot make any difference. Shall it be said in other cases, that because a man clothed with the form of authority, but having in fact none, has assumed to render judgment against others, the judgments shall be reversed, and the party aggrieved shall have costs, and that in this case the State shall not have the same measure of justice? Surely no. We cannot, therefore, look into the case to see whether the law was correctly pronounced. Had we done so in the other cases, doubtless many of them would have been found correct determinations. But, because the judge had no authority, they were reversed, and the parties prosecuting the appeals had costs; so also in this, it must be reversed, and the State recover costs. '
Peck, J.
The judge had no power or authority to take the indictment, proceed in the cause, or give judgment. Whatever he did in giving judgment was void ab initio. This being true, the State improperly brought her void proceeding here. Simpson cannot be rendered liable where the whole is void, and the plaintiff always in the wrong. The judgment in the court below is no judgment, and the reversal here neither aids or prejudices Simpson. A void judgment authorizes no execution; it *367 would like the judgment be void, and all acting under it would be trespassers. To give judgment for the State, would be authorizing her to self-create a tribunal; and having harrassed a defendant at pleasure, make him pay the cost because she will take the appeal. To create calamity and mock at it, is inconsistent with reason and every maxim of law. We have no jurisdiction of the cause to reverse, if the inferior jurisdiction could neither give judgment nor grant the appeal. No appeal being granted, would subject the party bringing up the cause to cost, and that is exactly this case.
Judgment reversed.